21-CV-3034 (DG)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THERESA SKILLINGS,

                        Plaintiff,

-against-

THE CITY OF NEW YORK,

                        Defendant.

# DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jeffrey S. Dantowitz*
*Tel: (212) 356-0876*
*Matter No. 2021-027799*

*Date of Service: May 1, 2023*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. II

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS .................................................................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT IS NOT BASED ON ANY MATTERS THAT THE COURT OVERLOOKED ................................. 3

        A.  Legal Standard ............................................................................................ 3

        B.  Plaintiff Fails To Satisfy the Conditions for Reconsideration ................... 5

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                    **Pages**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36 (2d Cir. 2012) ...................................................................................4

*Basdeo v. N.Y. City Transit Auth.*,
   2022 U.S. Dist. LEXIS 163122
   (E.D.N.Y. Sept. 9, 2022) .......................................................................................6

*Blankman v. County of Nassau*,
   819 F. Supp. 198 (E.D.N.Y. 1993) ........................................................................6

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*,
   628 Fed. App'x 793 (2d Cir. 2015) .......................................................................4

*Curtis v. Airborne Freight Corp.*,
   87 F. Supp. 2d 234 (S.D.N.Y. 2000) .....................................................................6

*Delaware State College v. Ricks*,
   449 U.S. 250 ..........................................................................................................6

*Dellefave v. Access Temps., Inc.*,
   2001 U.S. Dist. LEXIS 3165
   (S.D.N.Y. Mar. 22, 2001) ......................................................................................4

*Devlin v. Transp. Commc'n Int'l Union*,
   175 F.3d 121 (2d Cir. 1999) ..................................................................................3

*Harris v. City of New York*,
   186 F.3d 243 (2d Cir. 1999) ..................................................................................6

*Hertzner v. Henderson*,
   292 F.3d 302 (2d Cir. 2002) ..................................................................................3

*Hidalgo v. New York*,
   2012 U.S. Dist. LEXIS 117270
   (E.D.N.Y. Aug. 20, 2012) ......................................................................................3

*In re Houbigant, Inc.*,
   914 F. Supp. 997 (S.D.N.Y. 1996) ..................................................................... 4-5

*Levitant v. Workers Comp. Bd. of N.Y.*,
   2019 U.S. Dist. LEXIS 194852
   (S.D.N.Y. Nov. 8, 2019) ........................................................................................3

**Cases** **Pages**

*Lichtenberg v. Besicorp Grp.*,
   28 Fed. App'x 73 (2d Cir. 2002) ...................................................................................4

*Marrero Pichardo v. Ashcroft*,
   374 F.3d 46 (2d Cir. 2004) .............................................................................................3

*McCarthy v. Manson*,
   714 F.2d 234 (2d Cir. 1983) ...........................................................................................3

*New York v. Parenteau*,
   382 Fed. App'x 49 (2d Cir. 2010) ..................................................................................3

*O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*,
   127 F. Supp. 2d 342 (E.D.N.Y. 2001) ...........................................................................5

*Pierre v. FJC Sec. Servs.*,
   2017 U.S. Dist. LEXIS 62043
   (E.D.N.Y. Apr. 24, 2017) ...............................................................................................4

*Ratcliff v. Greyhound Lines, Inc.*,
   2019 U.S. Dist. LEXIS 11718
   (S.D.N.Y. Jan. 22, 2019) ................................................................................................3

*Regan v. Conway*,
   768 F. Supp. 2d 401 (E.D.N.Y. 2011) ...........................................................................4

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) .........................................................................................4, 5

*Skillings v. City of New York*,
   Case No. 2018-6965, 2019 N.Y. App. Div. LEXIS 9495
   (2d Dep't Aug. 13, 2019) ................................................................................................5

*Skillings v. City of New York*,
   Case No. 2019-911, 2020 N.Y. LEXIS 20
   (Ct. of App. Sept. 30, 2019) ...........................................................................................5

*United Air Lines v. Evans*,
   431 U.S. 553 (1977) .......................................................................................................6

*Younger v. Harris*,
   401 U.S. 37 (1971) .....................................................................................................1, 5

| **Statutes** | **Pages** |
|---|---|
| 42 U.S.C. § 1983 | 1 |
| Fed. R. Civ. P. 59(a)(2) | 3 |
| Fed. R. Civ. P. 59(e) | 3 |
| Local Civ. R. 6.3 | 3, 4, 5 |

## **PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted on behalf of Defendant City of New York in opposition to Plaintiffs' motion for reconsideration (ECF No. 39) of the Court's order dismissing this action. As discussed more fully below, Plaintiffs' motion contains no new facts or arguments, let alone any that would have changed the outcome of the Court's decision. Indeed, Plaintiff wholly fails to address most of the grounds on which the Court's order was based. As Plaintiff cannot satisfy the exacting standard for reconsideration, her motion should be denied.

## **FACTS**

Plaintiff commenced this action under 42 U.S.C. § 1983 alleging claims of wrongful removal, wrongful charge of educational neglect, and inadequate care and custody of her infant child, all stemming from the child's removal from her custody in 2016. The Court is respectfully referred to the City of New York's Memorandum of Law In Support of Its Motion To Dismiss, dated February 9, 2022 and filed March 31, 2022 (ECF No. 22) at ECF pp. 8-12) for a recitation of the facts underlying this action. Set forth below is the subsequent procedural history insofar as relevant to a determination of Plaintiff's motion for reconsideration.

Following motion practice, on January 19, 2023, Magistrate Bloom issued a lengthy Report and Recommendation in which she described the allegations of the Complaint in detail, thoroughly stated the law, and recommended that this action be dismissed. In so doing, Magistrate Bloom determined that determined that (i) the action was subject to abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), (ii) the Court lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, (iii) the Court should abstain based on the domestic relations doctrine, (iv) even if the Court had subject matter jurisdiction, the action should be dismissed because Plaintiff's claims arose more than three years before the commencement of the action and therefore

were time-barred, and (v) Plaintiff failed to allege facts that would show that her allege injuries were the result of some municipal policy, practice or custom and therefor failed to state a claim against the City for municipal liability. Accordingly, Magistrate Bloom recommended that the case be dismissed. ECF No. 27.

By docket entry entered March 20, 2023, the Court issued an order adopting the Report and Recommendation, explaining that "[h]aving reviewed the R&R, the record, and the applicable law and having considered Plaintiff's arguments, the Court concludes that Plaintiff's Amended Complaint must be dismissed and that amendment would be futile." (Docket entry March 20, 2023).

On April 19, 2023, Plaintiff filed her motion for reconsideration ("Motion") (ECF No. 39). In her moving papers, Plaintiff essentially makes a single argument -- that this action is not time-barred because her dispute with ACS has been ongoing since 2016 when she filed suit in New York Supreme Court, Queens Court (though much of her papers argue that the decisions dismissing her prior actions were in error). Nowhere, however, does she address the other grounds on which this action was dismissed.

As discussed more fully below, as Plaintiff fails to point to any new facts or controlling law that the Court overlooked or misapprehended, she fails to satisfy the standard for reconsideration. Accordingly, the motion should be denied.

## ARGUMENT

### POINT I

**PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE IT IS NOT BASED ON ANY MATTERS THAT THE COURT OVERLOOKED**

A. **Legal Standard**

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.[1,2] *See Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002); The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). "A motion for reconsideration is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *New York v. Parenteau*, 382 Fed. App'x 49, 50 (2d Cir. 2010) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). It is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, 2012 U.S. Dist. LEXIS 117270, at *4 (E.D.N.Y. Aug. 20, 2012) (internal quotation marks and citation omitted).

---

[1] Although Plaintiff's Notice of Motion states that she is seeking relief under Fed. R. Civ. Pro. 59(a)(2) – which concerns a motion for a new trial -- this appears to be in error, and that Plaintiff's motion is made under Rule 59(e).

[2] "The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same." *Ratcliff v. Greyhound Lines, Inc.*, 2019 U.S. Dist. LEXIS 11718, at *1 (S.D.N.Y. Jan. 22, 2019); *see also Levitant v. Workers Comp. Bd. of N.Y.*, 2019 U.S. Dist. LEXIS 194852, at *3 (S.D.N.Y. Nov. 8, 2019).

3

"'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 628 Fed. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also* Local Civ. R. 6.3 (requiring the moving party to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Thus, "[i]n order to prevail on a motion for reconsideration, 'the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion.'" *Pierre v. FJC Sec. Servs.*, 2017 U.S. Dist. LEXIS 62043, at *6 (E.D.N.Y. Apr. 24, 2017) (quoting *Lichtenberg v. Besicorp Grp.*, 28 Fed. App'x 73, 75 (2d Cir. 2002)). *See Regan v. Conway*, 768 F. Supp. 2d 401, 408-09 (E.D.N.Y. 2011).

To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.*, 2001 U.S. Dist. LEXIS 3165, at *1 (S.D.N.Y. Mar. 22, 2001). Thus, it is well-settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted). *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

To that end, a motion for reconsideration may not be used to "advance new facts, issues or arguments not previously presented to the court." *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001). *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided");

**B.     Plaintiff Fails To Satisfy the Conditions for Reconsideration**

As described above, the Court dismissed this action based on Magistrate Bloom's Report and Recommendation which determined that (i) the court should abstain based on *Younger* and the domestic relations doctrine, (ii) the court lacked subject matter jurisdiction based on the Rooker-Feldman doctrine, (iii) Plaintiff's claims were time-barred and Plaintiff failed to state claim against the City for municipal liability.

Plaintiff's motion, however, is based entirely on her assertion that her claims are not time-barred because her dispute with ACS began in October 2016 when she first filed suit against it and continues to date. In support of her argument, Plaintiff recounts the history of her prior litigations, asserting, *inter alia*, that her most recent action was wrongfully dismissed due to procedural error by the Court and, apparently, that as a result her claims should be able to continue in this court.[3] Such contentions, however, are insufficient basis on which to grant reconsideration.

As Plaintiff correctly notes (Motion at 6), the violations of which she complains in this action began in 2016 when her child was removed. Plaintiff, however, alleges that such

---

[3] Although Plaintiff notes that she appealed the lower court decisions, she fails to note that her appeal were denied, *See Skillings v. City of New York*, Case No. 2019-911, 2020 N.Y. LEXIS 20 (Ct. of App. Sept. 30, 2019); *Skillings v. City of New York*, Case No. 2018-6965, 2019 N.Y. App. Div. LEXIS 9495 (2d Dep't Aug. 13, 2019).

violations are continuing: "with each day that passes, my rights are being violated because this case, which never should have started, is still ongoing and my child hasn't been returned." (Motion at 7). Even if a continuing violation theory were hypothetically available here with respect to Plaintiff's claims against the City,[4] it would not be applicable: While Plaintiff alleges a continuing harm from the alleged wrongful removal of her child, this is insufficient basis on which to show a continuing violation which would render her claims timely. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (explaining that continuing effects of time-barred claim are not sufficient to establish exception to statute of limitations); *Blankman v. County of Nassau*, 819 F. Supp. 198, 207 (E.D.N.Y. 1993) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 257, and *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977) (continuing violation cannot be based on the continuing effects of earlier unlawful conduct)).

More importantly and dispositively, Plaintiff does not argue that the Court overlooked any controlling decisions or factual matters that were put before the Court on the underlying motion to dismiss that would reasonably be expected to alter the conclusion reached by the court. Indeed, Plaintiff's Motion utterly fails to address the Court's holding that it should abstain (either based on Younger or the domestic relations doctrine) or that the Court lacks subject

---

[4] The continuing violation doctrine is most commonly applied in the context of a discrimination claim. Moreover, "extensions of the continuing violation doctrine have been generally disfavored among district courts within the Second Circuit and applied only upon a showing of compelling circumstances." *Basdeo v. N.Y. City Transit Auth.*, 2022 U.S. Dist. LEXIS 163122, * 12 n. 4 (E.D.N.Y. Sept. 9, 2022) (quotation omitted) (collecting cases). Indeed, "[a]s a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor." *Curtis v. Airborne Freight Corp.*, 87 F. Supp. 2d 234, 244 (S.D.N.Y. 2000).

matter jurisdiction under the Rooker-Feldman doctrine. Plaintiff's Motion is similarly silent with respect to the Court's holding that Plaintiff failed to allege any basis for municipal liability.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's motion for reconsideration be denied in its entirety, and that it be awarded such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          May 1, 2023

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-121
                              New York, N.Y. 10007
                              (212) 356-0876

By: _____
                              Jeffrey S. Dantowitz
                              Assistant Corporation Counsel